KENNETH S. KIRBY, Plaintiff-Appellant, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.

Fourth District   No. 4—83—0177

Opinion filed September 27, 1983.

Glenn A. Stanko, of Reno, O'Byrne & Kepley, of Champaign, for appellant.

Phebus, Tummelson, Bryan & Knox, of Urbana (Joseph W. Phebus and Janet A. Flaccus, of counsel), for appellee.

JUSTICE MILLER delivered the opinion of the court:

On June 18, 1982, Kenneth S. Kirby filed a two-count complaint against the Illinois Central Gulf Railroad Company based upon the railroad's alleged unlawful refusal to hire him. Count I of the complaint was brought under the Equal Opportunities for the Handicapped Act (Ill. Rev. Stat. 1979, ch. 38, par. 65—21 *et seq.*) (EOHA). Count II alleged breach of contract. The trial court dismissed both counts with prejudice. Kirby appeals the order of dismissal only as to count I.

The complaint alleges that plaintiff applies for a position of employment as carman apprentice with the railroad, in December 1979. Kirby passed an aptitude test administered by the railroad and in January 1980 Illinois Central informed him that he was hired for the position. On March 10, 1980, following notification of plaintiff's hiring, the railroad advised Kirby that he was disqualified from employment,

because the physical examination had revealed a back condition, spina bifida of L-5.

Count I of the complaint purports to allege a cause of action under the EOHA, in that the "defendant has perceived a condition of spina bifida of L-5 on the part of plaintiff as imposing a severe barrier upon the ability of plaintiff to perform work." The allegations of count I further state that "the condition of plaintiff's back imposes no barrier upon his ability to perform work, including heavy lifting or stressful work." On January 27, 1983, the trial court dismissed the complaint with prejudice. The trial judge found that count I of the complaint failed to state a cause of action under the EOHA, because it did not allege a handicap within the meaning of the Act.

On appeal, Kirby contends that the trial court erred in dismissing count I of the complaint, because it is not necessary to allege the existence of a handicap in order to state a valid cause of action under the Act. He asserts that, in lieu of such an allegation, it is sufficient to allege the mere perception of a handicap by a prospective employer. The railroad responds that in order to state a cause of action under the EOHA, a plaintiff must allege the actual existence of a handicap, as opposed to the mere perception of a handicap. We agree with the defendant, as the trial court did, and affirm the dismissal of the complaint.

Although the EOHA was repealed and replaced with the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*) subsequent to the conduct in question here, there is no dispute that the former act controls. (See *Lyons v. Heritage House Restaurants, Inc.* (1982), 89 Ill. 2d 163, 165, 432 N.E.2d 270, 271.) Section 3 of the EOHA provides in part:

"It is an unlawful employment practice for an employer:
(1) to refuse to hire, to discharge, or otherwise to discriminate against any individual with respect to his terms, conditions or privileges of employment, otherwise lawful, because of such individual's physical or mental handicap, unless it can be shown that the particular handicap prevents the performance of the employment involved ***." (Ill. Rev. Stat. 1979, ch. 38, par. 65—23.)

A "physical or mental handicap" is defined by the terms of the Act in part as "a handicap unrelated to one's ability to perform jobs or positions available to him for hire or promotion ***." Ill. Rev. Stat. 1979, ch. 38, par. 65—22.

The first physical disability case arising under the Act was *Advocates for the Handicapped v. Sears, Roebuck & Co.* (1978), 67 Ill. App.

3d 512, 385 N.E.2d 39. In *Advocates* the complaint alleged that the plaintiff suffered a kidney impairment which did not affect his ability to perform tasks other than heavy lifting. The plaintiff applied for a job with Sears and was told that, pending medical certification, there would be a position for him with the company. He did not receive the required medical certification, however, and he was not offered employment, allegedly on grounds that Sears deemed the plaintiff an uninsurable risk under the company's self-insurance program. The trial court dismissed the complaint brought under the EOHA in part on grounds that the plaintiff was not handicapped in the meaning of the Act.

On review, the appellate court noted that the statutory definition of "physical handicap" is circular. The plaintiff argued that for any physical condition to reach the level of a handicap protected by the Act, an employer need only act upon that condition and deny the individual employment. The appellate court rejected this suggestion in favor of "a more objective criteria." (67 Ill. App. 3d 512, 516, 385 N.E.2d 39, 43.) In concluding that the plaintiff's kidney ailment was not a handicap under the Act, the appellate court set forth the following standard:

> "We believe *** that in enacting this legislation, the General Assembly had in mind a class of physical and mental conditions which are generally believed to impose severe barriers upon the ability of an individual to perform major life functions.
>
> *** [T]he question of whether a person is handicapped turns upon whether the character of the disability is one which is generally perceived as one which severely limits the individual in performing work-related functions." (67 Ill. App. 3d 512, 516-17, 385 N.E.2d 39, 43.)

The *Advocates* court affirmed the dismissal of the complaint on the basis that the physical condition in issue was not of the nature which fell within the commonly understood meaning of the term "physical handicap."

The Illinois Supreme Court construed the same provisions of the Act in *Lyons v. Heritage House Restaurants, Inc.* (1982), 89 Ill. 2d 163, 432 N.E.2d 270. In *Lyons*, the plaintiff alleged that she had been discharged or suspended from employment after being diagnosed as having cancer of the uterus. The complaint stated that this physical condition had no effect on the plaintiff's ability to perform the tasks of her employment. The complaint, brought under the EOHA, was dismissed by the trial court on grounds that the physical condition alleged did not constitute a handicap within the meaning of the Act.

On review in this court, the order of dismissal in *Lyons* was reversed. Following examination of similar State and Federal legislation, this court concluded that the physical condition alleged could be equated with a physical handicap and as such could form the basis for a cause of action under the EOHA. *Lyons v. Heritage House Enterprises* (1981), 92 Ill. App. 3d 668, 415 N.E.2d 1341.

The supreme court granted leave to appeal and reversed the decision of the appellate court. In seeking to develop an acceptable definition of "physical handicap" the supreme court initially observed:

"Not all abnormal physical conditions are handicaps. Some impose no limitations at all on everyday activity such as the lack of tonsils or an appendix, acne or dandruff; others are so temporary in effect that they cannot be considered a substantial limitation on activity, such as colds, flu or mumps. These cannot be called handicaps." (89 Ill. 2d 163, 169, 432 N.E.2d 270, 273.)

Expressly adopting the first branch of the standard stated in *Advocates*, the supreme court held that the courts should in each case apply the following definition: "the class of physical and mental conditions which are generally believed to impose severe barriers upon the ability of an individual to perform major life functions." "Major life function," in turn, would include employment and the performance of manual tasks. 89 Ill. 2d 163, 170, 432 N.E.2d 270, 274.

Based on this standard, the supreme court affirmed the dismissal of the complaint in *Lyons*. The court briefly summarized the result in the last two sentences of that opinion:

"The plaintiff has not alleged that her cancer has substantially hindered her in any of these [major life] activities or any other activities *or that her employer perceived her condition as causing such a hindrance.* In our judgment, she is not handicapped within the meaning of the Illinois Constitution or the Equal Opportunities for the Handicapped Act." (Emphasis added.) 89 Ill. 2d 163, 170-71, 432 N.E.2d 270, 274.

■ In the case at bar, the controversy hinges on the parties' conflicting interpretations of the language quoted above. Plaintiff focuses upon the italicized language and has pleaded that defendant perceived his back condition as imposing a severe barrier to his ability to work. Kirby did not allege that he suffered a handicap, but specifically averred that his physical condition imposed no barrier to his employment performance. He argues that the allegation that the railroad perceived his back condition to be a handicap was sufficient to state a cause of action under the EOHA, as interpreted by the supreme court in *Lyons*. Defendant maintains that *Lyons* does not permit such

pleading. The railroad insists that an allegation of the existence of a handicap is required to state a cause of action under the Act.

We hold that pleading the existence of a handicap is a threshold requirement for stating a cause of action under the EOHA. Secondly, it is necessary to allege that the complained-of discriminatory employment practice occurred because of the perception of the handicap. The statute plainly requires the pleading of both elements. (Ill. Rev. Stat. 1979, ch. 38, par. 65—23.) Plaintiff's theory that only the perception of a handicap need be alleged was previously rejected by the appellate court in *Advocates for the Handicapped v. Sears, Roebuck & Co.* (1978), 67 Ill. App. 3d 512, 516, 385 N.E.2d 39, 43. Moreover, both *Advocates* and the supreme court's opinion in *Lyons* reflect that the allegation of the existence of a handicap is a necessary element of the cause of action.

■ In the case at bar, plaintiff concedes that he did not plead the existence of a handicap. To the contrary, his position is that he does not suffer a handicap. The EOHA does not provide a remedy to persons who are not in fact handicapped. The complaint under consideration did not state a cause of action under the Act. We affirm the order of dismissal.

Affirmed.

MILLS and GREEN, JJ., concur.