ANTHONY C. CRISCIONE, Plaintiff-Appellant, *v.* SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.

First District (5th Division)   No. 78-469

Opinion filed November 17, 1978.

Costello & Fee, of Chicago (Russell J. Fee, of counsel), for appellant.

Kalvin M. Grove and Jeffrey A. Colby, both of Fox & Grove, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from the dismissal with prejudice of his complaint to recover damages for his alleged wrongful and abusive discharge from the employ of defendant, Sears, Roebuck and Company (Sears). On appeal, plaintiff contends that his complaint states a cause of action in both tort and contract, in that the dismissal violated public policy and was made in bad faith rather than for a legitimate business purpose. The facts are as follows.

Plaintiff filed a complaint alleging that he had been employed by Sears for approximately 10 years, during which he performed all assigned tasks, accrued pension and profit sharing and other benefits, and received a steadily increasing salary. Plaintiff further alleged that in January 1977 he was hospitalized for treatment of a bleeding ulcer, was discharged on or about January 20, 1977, and, on his doctor's orders, remained at home for a week to recuperate. He alleged that he returned to work on or about February 1, 1977, and, again upon doctor's orders, was placed on light duty for three weeks.

The complaint further states as follows:

"8. That on or about February of 1977 the Defendant embarked upon an abusive course of conduct which was designed to force the Plaintiff to quit the employment of the Defendant, and designed to create a cause for discharging the Plaintiff from employment of the Defendant. That such conduct included:

a) Transferring the Plaintiff to a highly technical job without adequate preparation or training;

b) Repeatedly refusing to adequately train or prepare the Plaintiff for his new and highly technical job.

c) Having the Plaintiff appear before a group of management personnel and verbally berating him in an abusive and demeaning manner regarding his performance in his new assignment.

d) Having the Plaintiff appear before a group of management personnel and demanding that he take a lesser paying job or be terminated from employment.

e) Terminating the Plaintiff from employment with the Defendant abruptly without reason or excuse after more than ten years of employment.

9. That on or about April 4, 1977 the Defendant wrongfully, abusively, without just cause or without informing the Plaintiff of any reason or excuse, discharged the Plaintiff from employment with SEARS, ROEBUCK AND COMPANY.

10. That after the discharge of the Plaintiff by the Defendant, the Defendant continued to engage in a course of conduct to harm the Plaintiff's prospects for further employment, and designed to prevent the Plaintiff from receiving unemployment compensation. Such conduct included the filing of a statement by the Defendant with the State of Illinois Department of Labor that the Plaintiff was discharged for misconduct."

Plaintiff sought general, special and punitive damages for mental pain and anguish, for "the sale and liquidation of valuable property" and for lost employee benefits.

Pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45), Sears filed a motion to dismiss plaintiff's complaint with prejudice for failure to state a cause of action. Sears attached a memorandum to its motion and plaintiff submitted a memorandum with his objection to Sears' motion. Following the filing of a reply memorandum by Sears, the trial court conducted a hearing on the motion and ordered the complaint dismissed with prejudice.

## Opinion

■■ The standards which apply to the review of the trial court's dismissal of plaintiff's complaint are well established. Sears' motion, made pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975), ch. 110, par. 45), admits as true all well-pleaded facts in Criscione's complaint. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171; *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d

770.) The motion is an attack only on the legal sufficiency of the complaint (*Johnson v. Nationwide Business Forms, Inc.*), and unless it clearly appears that no set of facts can be proved under the pleadings which would entitle Criscione to relief, the complaint should not be dismissed. *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259; *White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.* (1976), 42 Ill. App. 3d 199, 355 N.E.2d 632.

Plaintiff contends that, while his relationship with Sears was as an employee at will, his termination was contrary to public policy, giving rise to a cause of action in tort. He further contends that his dismissal by Sears was made in bad faith and constituted a breach of their at will employment relationship.

Before turning to his specific contentions, we first note that, while plaintiff's allegations of causes of action in both tort and contract were pleaded in one count and should properly have been stated in separate counts (Ill. Rev. Stat. 1975, ch. 110, par. 33(2)), we will make separate evaluations of the complaint as a whole in considering each claimed cause of action.

■■ An at will employment relationship is one which has no specific duration, and such a relationship may be terminated at will by either the employer or the employee, for or without cause. (*Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 327 N.E.2d 346; *Roemer v. Zurich Insurance Co.* (1975), 25 Ill. App. 3d 606, 323 N.E.2d 582.) The right to terminate an at will employment relationship is subject only to the provisions of any applicable contract or statute. (*Pleasure Driveway & Park District v. Jones* (3d Dist. 1977), 51 Ill. App. 3d 182, 190, 367 N.E.2d 111, 117, and cases there cited.) An analysis of plaintiff's complaint discloses no terms of the employment relationship between him and Sears. No specific time or duration of plaintiff's employment has been alleged, nor have any other conditions of employment. The complaint contains no allegations of a written employment contract, and no copy of such a contract has been attached to the complaint. There being no allegations of express contractual provisions which could have been violated in his dismissal, plaintiff's cause of action, if any, must arise out of the violation of a statute or some other expression of public policy.

Plaintiff contends that his dismissal was a violation of the public policy of the State, because he was dismissed for no legitimate business reason after he had developed a bleeding ulcer which did not impair his performance on the job. We disagree.

The basic statements of Illinois employment policy are found in the Constitution of 1970, which forbids discrimination in hiring and promotion based on race, color, creed, national ancestry and sex. (Ill. Const. 1970, art. I, §17.) The Constitution also prohibits discrimination

against the mentally or physically handicapped in hiring and promotion practices. (Ill. Const. 1970, art. I, §19.) These policies are further stated in the Fair Employment Practices Act. (Ill. Rev. Stat. 1977, ch. 48, pars. 851-867.) In addition, discrimination in employment because of age is prohibited (Ill. Rev. Stat. 1977, ch. 48, pars. 881-887), as are dismissal of an employee whose earnings have been subjected to wage demands on his employer for the employee's indebtedness (Ill. Rev. Stat. 1977, ch. 48, par. 39.11), and dismissal of an employee for filing a claim under the Workmen's Compensation Act. Ill. Rev. Stat. 1977, ch. 48, par. 138.4(h).

■■ There are no allegations in plaintiff's complaint of any violation of the above-stated employment policy, and we find his argument that his discharge by Sears was due to his bleeding ulcer to be no more than a conclusion which is unsupported by the allegations. On the contrary, the complaint shows that he entered the hospital in January 1977 for treatment of his bleeding ulcer and on doctor's orders was placed on light duty for three weeks upon his return to work on February 1, 1977. Plaintiff was dismissed by Sears on April 4, 1977. The facts which he alleges pertaining to the period between his return to work and his dismissal show only that during that time he was placed in a new position for which he did not feel adequately trained and that additional training was not provided by Sears. Plaintiff appeared before management personnel and was criticized for his performance in the new assignment. He was told to take a lesser job or be terminated. There is no allegation that plaintiff took the lower position, and he was fired. At no time does plaintiff allege any connection between his ulcer and his performance and subsequent dismissal. Furthermore, he provides no allegations of facts relating to the nature of his work with Sears. The factual allegations in his complaint do not support his conclusions that he was discharged abusively or because of his illness, and we therefore conclude that he does not state a cause of action in tort against Sears.

Although plaintiff has alleged no specific employment contract, he next contends that Sears' action constituted a breach of contract because it was not made in good faith and was done to avoid payment of pension benefits to him.

While good faith is an element implied in every contract (*Stevenson v. ITT Harper, Inc.* (1977), 51 Ill. App. 3d 568, 573, 366 N.E.2d 561, 567; *Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 51, 360 N.E.2d 551, 558), there are no factual allegations in plaintiff's complaint which give any indication of a bad faith dealing on the part of Sears. As we have already stated, the dismissal appears to have been for his poor performance. Moreover, there is no abusive pattern that can be found on the part of Sears under the allegations that do appear in the

complaint, thus distinguishing the instant case from the cases from other jurisdictions cited by plaintiff in support of his argument regarding bad faith.

■■ Plaintiff relies on *Stevenson v. ITT Harper, Inc.* in making his argument regarding pension benefits. *Stevenson* involved a written employment contract that contained a pension clause and it was alleged that the at will relationship was terminated to avoid the employer's pension obligations under the contract, thus breaching the contract. The action, dismissed because there was no suggestion of a bad faith effort by the employer to avoid its conditional duty to pay the pension benefits, was not simply for a bad faith dismissal of an employee at will, but for a bad faith breach of an employment contract. Plaintiff's complaint alleges only that pension benefits had accrued during 10 years at Sears and that the benefits were lost as a result of his dismissal. There is no allegation regarding agreements pertaining to pension benefits or that his rights to the benefits had vested. Absent the allegation of any such facts, and without any showing in the complaint of bad faith on the part of Sears, we find that plaintiff has not stated a contract action against Sears.

In conclusion, we find that plaintiff's complaint shows neither a violation of public policy nor a breach of any agreement between him and Sears. He attempts to argue, however, that a dismissal of an at will employee that is not done for a legitimate business reason constitutes both a violation of public policy and a bad faith breach of contract. The allegations of the complaint indicate that plaintiff was dismissed because he was unable to perform well in his new position and refused to take a lesser job with Sears. Furthermore, even assuming, *arguendo*, that such a dismissal is not based on a legitimate business reason, we cannot find that such a dismissal gives rise to a cause of action for wrongful discharge.

To equate legitimate business reasons with public policy and good faith and to allow an action by a dismissed employee against his employer solely on that basis would be to destroy the mutuality of obligation that exists in an employment at will relationship. An employee at will may quit his employment for any reason at any time and is not bound to make his decision on the basis of whether or not it is a good business decision. The obligation of the employer should be no more nor less. Furthermore, requiring an employer in an at will relationship to terminate an employee only for a legitimate business reason absent any other restrictions by contract or statute would place the courts in the untenable position of having to assess an employer's business judgment. There has been no attempt by the legislature to so alter the State's employment policy and such a step is not one for the courts to make. The rule in this State is that an employment at will relationship can be terminated for "a good reason,

a bad reason, or no reason at all." (See *Loucks v. Star City Glass Co.* (7th Cir. 1977), 551 F.2d 745, 747.) Accordingly, plaintiff's complaint was properly dismissed with prejudice.

■■ Finally, we note that on appeal plaintiff has, as alternative relief, sought leave to amend his complaint. However, such relief was never sought before the trial court, plaintiff electing to stand on his complaint and asking the court below only to deny Sears' motion to dismiss. Our review has thus been properly limited only to the complaint (see, *e.g., Krachock v. Department of Revenue* (1949), 403 Ill. 148, 85 N.E.2d 682, *appeal dismissed* (1949), 338 U.S. 804, 94 L. Ed. 487, 70 S. Ct. 72), and we consider the request for leave to amend to have been waived.

For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's complaint with prejudice is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.