**Ralph KITTREDGE, Plaintiff,**

v.

**PARKER HANNIFIN CORPORATION, Defendant.**

No. G81–268 CA 1.

United States District Court, W.D. Michigan, S.D.

April 10, 1984.

Donnelly & Associates, P.C. by Gerald D. Wahl, Detroit, Mich., for plaintiff.

Spieth, Bell, McCurdy & Newell Co., LPA by Bruce G. Hearey, Cleveland, Ohio and Miller, Johnson, Snell & Cummiskey by Robert Christians, Grand Rapids, Mich., for defendant.

HILLMAN, District Judge.

The complaint in this case was filed almost three years ago. Tempting as it is to take the matter under advisement, I know more about the matter now than I ever will, and in view of the fact that I'm going to Marquette next week, the sensible solution is to render my opinion at this time.

As I indicated earlier, I have read the briefs and the material that was submitted to me over the last few days. I have also reviewed the key cases that you both cited to me, and before oral argument, arrived at a tentative conclusion on how this matter should be resolved. Nevertheless, I try very hard to listen carefully to oral argument and maintain a flexible position, and change my opinion if I'm convinced my initial judgment was wrong. In the case I have heard today, although the arguments have been effective and interesting, I have heard nothing that has changed my opinion as to how this matter ought to be resolved.

I have prepared a rough draft, which I am prepared to read, but it is in rough form, and if it's going to be typed, I reserve the right to edit it.

Plaintiff, Ralph Kittredge, who I believe is 57 years of age, and an engineering executive formerly employed by Defendant Parker Hannifin Corporation (Parker), has filed this action pursuant to the Age Discrimination Act, 29 U.S.C. Section 621 et seq., and the Illinois Fair Employment Practices Act, charging that he had been terminated for reasons that were unrelated to his performance, without reasonable business justification, a determining factor in his termination. Not necessarily the sole factor, but a determining factor.

The complaint also charges the defendant with retaliating against the plaintiff for filing charges against Parker with the EEOC and also with the Illinois Department of Human Rights, by ensuring that the plaintiff would not become employed by another potential employer, the Indian Head Company of Belding, Michigan.

■ Finally, plaintiff charges defendant breached an oral contract of employment by terminating plaintiff without just cause. The matter is now before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On a motion for summary judgment, the moving party bears the burden of proving conclusively that no genuine issue of material fact exists, and that the moving party is entitled to summary judgment as a matter of law. See *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979); *Tee-Pak, Inc. v. St. Regis Paper Company*, 491 F.2d 1193 (6th Cir.1974); Fed.R.Civ.P. 56(a).

■ In determining whether or not there are issues of fact requiring a trial, the inferences to be drawn from the underlying facts contained in the affidavits, depositions, pleadings and depositions, must be viewed in the light most favorable to the party opposing the motion. At this stage of the proceedings I may not resolve disputed questions of fact, and if disputed questions of fact remain, it is my obligation to deny the motion and proceed to trial. *United States v. Articles of Device*, 527 F.2d 1008, 1011, a 6th Circuit case.

■ The purpose of the Age Discrimination in Employment Act is to promote employment of older persons based on their ability rather than their age; to prohibit arbitrary age discrimination in employment and have employers and workers meet the problems arising from the impact of age in employment. The Act protects individuals who are at least 40 but less than 70 years of age. See 29 U.S.C. Section 621 et seq.

Mr. Kittredge went to work for Parker in June of 1972, and at that time he was 46 years of age. For approximately six years he was employed in the defendant's pneumatics division at Otsego here in Michigan, and eventually he rose to the position of manager of manufacturering of that division. In October of 1978 Mr. Kittredge was offered a position in the cylinder division of Parker. He accepted that job, and he moved to Illinois to assume the position of operations manager of the cylinder division. There is some dispute over whether plaintiff was promised that he would eventually be made general manager of the cylinder division after a break-in period or whether promotion to general manager was contingent on his performance as operations manager. In any event, he was never promoted to general manager.

After he had been there about two years, in July 1980, a Mr. Larry Zeno, who was 37 years of age, was named general manager of the cylinder division. Approximately one month later Mr. Kittredge's employment with Parker was terminated. At that time he was 54 years of age.

Plaintiff alleges that his age was a determining factor in his discharge. Defendant, on the other hand, claims that plaintiff's termination was lawful under both state and federal law. Defendant now moves for summary judgment, asserting that plaintiff has failed to and cannot adduce evidence sufficient to either establish a prima facie case of age discrimination, or to rebut defendant's proffered legitimate reasons for discharge.

There are really three areas of dispute between the parties. The first concerns the job offered to Kittredge in October

of '78. As I mentioned before, there seems to be a dispute as to whether he was promised that job after a break-in period or whether it was going to depend upon his performance. In any event, the title which he assumed, the title which he had at his termination was operations manager.

The second area of dispute concerns plaintiff's performance as operations manager. Plaintiff contends that his performance was more than satisfactory. Defendant disagrees and argues that his performance was poor enough not only to preclude promotion, but to justify termination.

And, finally, plaintiff argues that Parker employees somehow persuaded another employer, Indian Head Company, not to hire him. Defendant denies that charge and says, in effect, that a Parker employee actually gave the plaintiff a good recommendation.

■ In suits to establish that the plaintiff has been discharged from employment because of his age, as prohibited by the ADEA, it is clear that the burden is on the plaintiff to first come forward with evidence to demonstrate that there has in fact been a discriminatory discharge, in order to make a prima facie case.

■ In the 6th Circuit, the standard for determining the ADEA claim can be found in *Ackerman v. Diamond Shamrock Corporation*, 670 F.2d 66. (6th Cir.1982). In that case the Court said that "The ultimate issue is whether age was a factor in a decision of an employer to terminate an ADEA claimant and whether the age of claimant made a difference in determining whether he was to be retained or discharged." See also *Tuohy v. Ford Motor Co.*, 675 F.2d 842, (6th Cir.1982); *Chamberlain v. Bissell Inc.*, 547 F.Supp. 1067 (W.D. Mich.1982).

The plaintiff has argued that the Court should apply the standard for a prima facie case set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The 6th Circuit, although not rejecting those guidelines, has expressly refused to mechanically apply the prima facie standards set forth in the *McDonnell Douglas* case. See *Laugesen v. Anaconda Company*, 510 F.2d 307, 312 (6th Cir., 1975). See also *Blackwell v. Sun Electric Corporation*, 696 F.2d 1176 (6th Cir.1983).

In *Laugesen*, plaintiff asserted that he had made out a prima facie case under *McDonnell Douglas* and was entitled to an instruction charging the jury that he made a prima facie case and that the burden of proving non-discrimination shifted to the defendant.

The Court, in discussing the burden of proof under *McDonnell Douglas*, held that it is inappropriate to borrow and apply Title VII standards automatically. The *Laugsen* Court reviewed the legislative history, stating that the formalistic approach in *McDonnell Douglas* may not always be desirable in a case of discriminatory discharge because of age, and then had the following to say:

"The progression of age is a universal human process. In the very nature of the problem, it is apparent that in the usual case, absent any discriminatory intent, discharged employees will more often than not be replaced by those younger than they, for older employees are constantly moving out of the labor market while younger ones move in. This factor of progression and replacement is not necessarily involved in cases involving the immutable characteristics of race, sex, and national origin. Thus, while the principal thrust of the Age Act is to protect the older worker from victimization of arbitrary classification on account of age, we do not believe that Congress intended automatic presumptions to apply whenever a worker is replaced by another of a different age."

■ In this circuit, then, the burden is on plaintiff to show age was a determining factor. That determination is made on a case-by-case basis. Id. It is not enough for the plaintiff to "do nothing more than state his conclusion that he was terminated because of age. To permit this single statement to constitute a prima facie case

would place a burden on employers which Congress never intended." *Locke v. Commercial Union Ins. Co.*, 676 F.2d 205, at 206 (6th Cir.1982).

I have reviewed the material which has been submitted to me. I have reviewed it carefully. The sole evidence of age discrimination offered by the plaintiff, other than the fact that he was dismissed and that he believes the basis for dismissal was his age, is that one other salaried employee over the age of 40 was dismissed in the same time period, and the average age of people hired by Parker at the plant plaintiff worked at was below 30. Plaintiff also points to the fact that two managers over the age of 50 had not been promoted in the last nine to twelve years.

■ In some instances statistical evidence has been helpful to plaintiffs in establishing their case of age discrimination. There is a discussion of that in Larson, "Employment Discrimination," Section 102.44 (1983). And in *Laugesen*, the 6th Circuit specifically approved the use of statistical evidence in a private civil action for age discrimination under the ADEA. However, to support a charge of age discrimination, large statistical discrepancies are required before courts will attach any real significance to statistical evidence. *Mastie v. Great Lakes Steel Corporation*, 424 F.Supp. 1299, 1320 (E.D.Mich.1976). "Institutional psychological and economic restraints to employing the aged suggests that statistics might not be a reliable indicator of an employer's compliance with the act's proscriptions." *Id.*

■ The statistics which plaintiff cites are insufficient to demonstrate any pattern of age discrimination. The fact that younger workers are hired and older workers leave or are not promoted does not, in and of itself, prove age discrimination. As I noted earlier, "discharged employees will more often than not be replaced by younger workers," *Laugesen*, supra. I am satisfied that the statistics cited by the plaintiff do not demonstrate a pattern of discrimination sufficient to constitute a prima facie case of age discrimination.

Plaintiff suggests that other indicia of discrimination are present, and cites *Reeves v. General Foods Corporation*, 682 F.2d 515. (5th Cir.1982). In that case plaintiff, a salesman, was warned that if his sales performance did not improve, he would be discharged. Following that warning, Reeves received a "good plus" rating on a sales performance evaluation and a raise in pay. Sometime after that he was terminated. The jury found that General Foods had discriminated against Reeves. On appeal, the 5th Circuit found that those facts rebutted the company's claim that Reeves had been discharged for poor performance. Plaintiff in this case argues that, like Reeves, he received satisfactory evaluations and a raise in the period prior to his termination. Reliance on *Reeves* in this case is misplaced. There the defendant had argued that poor performance was a reason for discharge after the plaintiff had already made a prima facie case of age discrimination. In *Reeves* then, the "good plus" job evaluations were not being used to establish age discrimination, but to show that plaintiff had performed his job satisfactorily. Here the job performance ratings which Mr. Kittredge points to are, at best, ambiguous. While it is true that he received an overall satisfactory rating on the evaluation, he received a less than satisfactory rating in several different areas, and many individual comments indicate dissatisfaction with the plaintiff's performance. In many of these cases, such as *Taglia v. Pabst*, K 82–308; (W.D.Mich. 1983), which Judge Enslen decided recently, are statements from company officials having to do with age, with getting rid of older employees, or policies of the company to bring in younger people. Inevitably, as in that *Taglia* case, those statements do raise a question about the motive and intent of the employer. The record of this case, viewed in the light most favorable to the plaintiff, convinces me that plaintiff has failed to satisfy the most basic requirement of an age discrimination claim.

The only evidence that I am able to find of discrimination is plaintiff's own conclusion that age discrimination is the only

possible explanation for his termination. I certainly don't dispute his honest belief, but that isn't sufficient to create a jury question. I am unable to find any facts that show or imply that plaintiff has been a victim of age discrimination.

Consequently, I am satisfied that defendant is entitled to a summary judgment as a matter of law as to that count of the complaint. I come to that conclusion reluctantly, in that such action takes the case away from the jury, and a judge is reluctant to do that. However, I have just been through an age discrimination case that lasted several weeks. They are expensive. Here the moving party has a right to a judgment. See *Douglas v. Anderson,* 656 F.2d 528 (9th Cir.1981), where the Court said: "We agree with the 7th Circuit that one purpose of the allocation of burdens of proof and production in Title VII ADEA actions is to help district courts identify meritless suits and to stop them short of full trial."

■ In view of the fact that I have concluded that plaintiff has not established a prima facie case, that concludes the matter as far as that count is concerned. But, in reviewing all the material that has been submitted to me, I am satisfied that even if plaintiff had made out a prima facie case of age discrimination, defendant would be entitled to a summary judgment on the grounds that it has articulated a legitimate non-discriminatory reason for plaintiff's discharge. I won't review all the evidence which has been submitted. I note in passing that that was the conclusion of the Illinois State Department of Human Rights, although there may be some question as to whether or not the findings of that investigative body are admissible. As one reviews the performance evaluations, take into consideration that he was moved from Michigan with the idea of being promoted at the age of 52, it appears incongruous that he was discharged because of his age. I suppose it could be argued that there might have been other things that the company might have done, but that is not what this case is about. I'm satisfied

the reasons that they have given are legitimate, and that the plaintiff has not established that they were excuses or pretexts.

■ Plaintiff also claims that the defendant influenced Mr. Duane Grossett not to make an offer to Mr. Kittredge by giving Mr. Grossett a poor reference in the winter of 1980 and '81. The ADEA prohibits retaliatory action against an individual because he has either filed a charge with the agency or because he has filed a suit under the statute. The dissemination of adverse employment references or the refusal to give any employment reference at all may be actionable in employment discrimination when motivated by discriminatory intent. *London v. Coopers & Lybrand,* 644 F.2d 811 (9th Cir.1981); *Pantchenko v. C.B. Dolge,* 581 F.2d 1052 (10th Cir.1978).

■ The only evidence before the Court shows that defendant gave the Indian Head Company, plaintiff's potential employer, a good recommendation. That is found in Mr. Grossett's deposition on pages 9 to 12. Plaintiff has not put forth a single piece of evidence which suggests the defendant retaliated against him in preventing him from finding reemployment. And that being the case, defendant's motion for summary judgment on the retaliation claim is also granted.

The remaining count in this case claims that defendant breached an employment contract it had with plaintiff. Plaintiff alleges that Parker offered him the position of general manager of the cylinder division with a preliminary break-in period as operations manager if he would move from Michigan to Illinois. Defendant denies making such a promise. Instead, the defendant claims that plaintiff was offered the job of operations manager and an opportunity for promotion depending on his performance as the operations manager.

Defendant argues that, even if the contract was as Kittredge describes, there is still no cause of action, because plaintiff's contract was for an indefinite term of employment; that is, "at will," and that Par-

ker was free to terminate him at any time, with or without cause.

It has been agreed that substantive law of Illinois applies to the contract issues of this case.

The plaintiff maintains that under Illinois law oral contracts for employment will be upheld where the employee is given some additional bargained-for consideration. See *Martin v. Federal Life Insurance,* 109 Ill. App.3rd 596, 65 Ill.Dec. 143, 440 N.E.2d 998 (1982).

 In general, under Illinois law, an "at will" employment is one which has no specific duration, and such a relationship is terminable at will by either the employer or the employee with or without cause. *Criscione v. Sears, Roebuck & Co.,* 66 Ill. App.3d 664, 23 Ill.Dec. 455, 384 N.E.2d 91 (1978); *Long v. Arthur Rubloff & Co.,* 27 Ill.App.3d 1013, 327 N.E.2d 346 (1978).

There appear to be three exceptions to the general rule. First, a termination at will is not allowed or upheld where the termination contravenes public policy. *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 128, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981).

Second, termination at will is not allowed where the termination is in violation of particular conditions stated by the parties. *Donahue v. Rockford Showcase and Fixture Co.,* 85 Ill.2d 47, 230 N.E.2d 278 (1967).

Finally, under certain circumstances a clear and definite oral agreement for permanent employment may be enforced where sufficient consideration is present. *Martin v. Federal Life,* supra, 65 Ill.Dec. at 148, 440 N.E.2d at 1003.

Plaintiff has argued that his termination contravened the public policy exception, since it was based on his age, and that he gave sufficient consideration in the form of moving from Michigan to Illinois in exchange for the promise of employment, to fit within the third exception.

 Since I have already ruled as a matter of law the plaintiff has failed to establish a case of age discrimination, the public policy argument must also fall. If there is no age discrimination, it is difficult to see how there can be a violation of public policy.

The issue of sufficiency of consideration, that is more difficult. In *Martin* the plaintiff was employed by the defendant insurance company, and a competing insurance company offered Martin a job, and he intended to accept that offer. In response to that information, plaintiff's employer offered him lifetime employment. Martin turned down the competing company and remained with his employer, in reliance on the offer of permanent employment. On those facts the Illinois Court of Appeals held that the plaintiff's refusal of the competing offer was sufficient consideration to establish a contract for permanent employment.

Mr. Kittredge argues by moving his family from Michigan to Illinois, he, like the plaintiff in *Martin,* gave sufficient consideration to establish a contract for permanent employment, or at least something more than an employment contract terminable at will.

 This case is distinguishable from *Martin.* First of all, the facts in *Martin* make it clear the parties intended to establish a lifetime employment contract; and those facts are not present here. Moreover, Kittredge received no offer from any outside companies, so his move to Illinois was occasioned by a promotion within the same company.

The Illinois courts examining the issue have held the exception the plaintiff relies on is a narrow one, and he does not fit within that exception. In *Titchener v. Avery Coonley School,* 39 Ill.App.3d 871, 350 N.E.2d 502, 507 (1976), a teacher who left a tenure position at one school to accept a position in another school was held to have a contract terminable at will. In *Heuvelman v. Triplett Electric Instrument Company,* 23 Ill.App.2d 231, 161 N.E.2d 875 (1959), the plaintiff turned down a job offer from a competing firm to stay with his employer, and the Court held that where no

definite promises were made, the employment contract was terminable at will. Sufficient consideration requires something in addition to simply performing regular activities required by the employment agreement itself. See *Ryan v. J.C. Penney Company, Inc.*, 627 F.2d 836, 837 (7th Cir. 1980). Because there is not sufficient consideration to make this contract anything more than terminable at will, I find that there was no breach of contract, and the defendant's motion for summary judgment on the breach of contract claim is also granted.