**Thomas RACHFORD, Plaintiff,**

v.

**EVERGREEN INTERNATIONAL AIRLINES, INC., a corporation, and Evergreen International Aviation, a corporation, Defendants.**

**No. 84 C 3044.**

United States District Court,
N.D. Illinois, E.D.

Oct. 26, 1984.

Stuart H. Brody, Kathryn M. Cochran, Brody & Stein, Chicago, Ill., for plaintiff.

Warren C. Ingersoll, Lord, Bissell & Brook, Chicago, Ill., for defendants.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on defendants' motion, pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss plaintiff's complaint. It is axiomatic that under this rule a complaint should be dismissed only if it appears beyond doubt that a plaintiff can prove no set of facts on which relief can be granted. *Hishon v. King & Spalding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). The facts, alleged by plaintiff, and taken as true for purposes of this motion, are as follows.

## I

Plaintiff, Thomas Rachford, was formerly employed by Evergreen International Airlines as a flight engineer. He was an experienced aircraft mechanic and held a 727 Flight Engineer Rating, an Air Frame & Power Plant license, and a Flight Engineer license. In the course of performing maintenance tasks for the airline, plaintiff noted irregularities in Evergreen's operating procedures, including inattention to aircraft maintenance requirements imposed by Federal Aviation Administration (FAA) regulations which he brought to the attention of Penn Stohr, Evergreen's Vice President of Maintenance, at corporate headquarters in McMinnville, Oregon. Plaintiff also noticed that aircraft # 864 consumed excessive oil and told Stohr of this problem on successive occasions. When plaintiff was on aircraft # 864 on June 25, 1984, on a flight from Ontario, California to Newburgh, New York, the aircraft required oil during a stop at O'Hare airport; plaintiff warned two Evergreen employees that # 864 would probably require shutdown due to the engine problem.

On June 26, 1984, the airline discharged plaintiff because he had informed the FAA about the excessive oil consumption of aircraft # 864, and because of his excessive complaints to supervisors and other employees. Plaintiff, an Illinois citizen, then brought this action against defendants Evergreen International Airlines, Inc., and Evergreen International Aviation, Inc., Oregon corporations, invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging wrongful discharge in violation of Illinois law, the Federal Aviation Act, 49 U.S.C. §§ 1421, 1425; and under the Railway Labor Act, 45 U.S.C. §§ 152, and 181, *et seq.*

## II

Plaintiff's claim under Illinois law is based on the tort of retaliatory discharge, a cause of action available to an at will employee (as plaintiff was), when his termination is in violation of a public policy of the State of Illinois. *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981); *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). However, as defendants point out, this cause of action is a narrow exception to the usual Illinois rule that an employer may freely discharge an at will employee. To state a claim for retaliatory discharge, a plaintiff must allege that his termination contravenes a clear mandate of public policy of the state. Here, plaintiff does not rely on State of Illinois law, but on federal law in support of his claim; and thus, this court concludes that he has no viable state claim for wrongful discharge. *See Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468 (9th Cir.1984). While it is undoubtedly true, as plaintiff claims, that Illinois has a general policy in favor of avia-

tion safety, the state has no interest in enforcing federal law, even if that federal law is incorporated, as plaintiff suggests, in the state's general public policy. *Id.* at 1475. Moreover, this court finds it difficult to discern why Illinois public policy would be implicated by the discharge of an employee of an Oregon corporation for complaints which occurred in Oregon regarding maintenance of aircraft which flew over the entire United States. Defendants' motion to dismiss Count I is therefore granted.

 Plaintiff bases his claim in Count II on a right of action under the Federal Aviation Act. However, Congress did not expressly provide a right of action under that statute, nor does an implied right of action exist. *Pavolini v. Bard Air Corp.,* 645 F.2d 144 (2d Cir.1981). The relevant provisions of the act do not require an air carrier to continue to employ an employee, nor do they prohibit a carrier from discharging an employee for reporting safety violations; thus an action seeking redress for loss of employment does not flow from any statutory requirement or violation, and cannot be maintained. *Id.* at 147. Defendants' motion to dismiss Count II on this ground is granted.

In Count III, plaintiff alleges that his consultation with fellow employees and representation of their joint safety concerns to management constituted protected activity within the Railway Labor Act. However, that act does not cover concerted activities unrelated to union organizing. 45 U.S.C. § 152, Fourth. *See also Davin v. Delta Air Lines, Inc.,* 678 F.2d 567 (5th Cir.1982). Because plaintiff states in his complaint, Count I, para. 10, that "at none of the times relevant herein did plaintiff belong to a labor organization," his claim under the Railway Act must fail. Defendants' motion to dismiss Count III is granted.

In light of the above, this court is forced to conclude that plaintiff has failed to state a claim on which relief can be granted, and that his remedy, if any, lies in the state courts of Illinois or, more plausibly, in the courts of Oregon. While it is perhaps lamentable that one who "whistle blows" regarding such important matters as air safety should be discharged from his employment without a remedy under the Federal Aviation Act, Congress has not seen fit to protect employees from such retaliation. Until that time, a federal court can provide no recourse to an employee discharged for reporting violations of federal safety regulations. *Pavolini v. Bard Air Corp.,* 645 F.2d at 148. Accordingly, defendants' motion to dismiss is granted, and this suit is dismissed in its entirety.

So ordered.