**Awni AL–MASRI, Plaintiff,**

v.

**Mohammed KHALIDI, et al., Defendants.**

No. 86 C 2582.

United States District Court, N.D. Illinois, E.D.

April 18, 1986.

Stephen Levy, Stephen Levy & Associates, Chicago, Ill., for plaintiff.

No appearance for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Awni Al-Masri ("Al-Masri") has sued Mohammed Khalidi ("Khalidi") and Kem Engi-

**38**

neering Co., Inc. ("Kem") in a three-count complaint essentially sounding in fraud. Because Al-Masri's Complaint does not establish either the complete diversity of citizenship or the existence of a federal question necessary for federal jurisdiction, this Court is required to dismiss the Complaint sua sponte.

Complaint ¶ 1 properly identifies Al-Masri's Saudi Arabian citizenship and Khalidi's Illinois citizenship. But all Complaint ¶ 1 says as to Kem (as it does about Khalidi) is that it is a "citizen and resident of Illinois." That does not do the job, because the way 28 U.S.C. § 1332(c) is structured a corporation has *two* potential sources of citizenship: its place of incorporation (identified in the caption and presumably in Complaint ¶ 1 as Illinois) *and* its principal place of business (unidentified in the Complaint). Hence the fact a corporation is a citizen of (say) Illinois because incorporated here does not negate the possibility it may also (by reason of its principal place of business) be a citizen of another jurisdiction. And for aught that appears, that jurisdiction *might* be Saudi Arabia. See *Buethe v. Brett Airlines, Inc.*, 787 F.2d 1194, 1195 (7th Cir. 1986).

That obviously inadvertent pleading defect deprives this Court of independent subject matter jurisdiction over Count I, for federal courts can deal with cases only as Congress specifies (see 28 U.S.C. § 1332(c)) and as a plaintiff's express allegations bring the case within those specifications. This Court cannot make assumptions based on probabilities or improbabilities. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 87 & n. 99, and cases there cited (1969 ed. and 1985 pocket part); 13 B *id.* § 3624, at 610 & n. 20, and cases there cited (1984 ed. and 1985 pocket part).

Al-Masri's Complaint (as distinct from Count I alone) might nonetheless survive dismissal if Count II, a federal-question claim asserted under the Racketeer Influenced and Corrupt Organizations Act

("RICO"), were sound. However, that Count is also defective on its face. Complaint ¶ 14 alleges "a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5)." But for the reasons stated by this Court in *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.*, 615 F.Supp. 828, 831–33 (N.D.Ill.1985), recently approved by the Court of Appeals for the Eighth Circuit in *Superior Oil Co. v. Fulmer*, 785 F.2d 252, 254–58 (8th Cir.1986), that conclusory allegation is not borne out by the facts Al-Masri alleges in the Complaint. This Court of course expresses no opinion as to the sufficiency or insufficiency of any other aspects of the RICO claim or of either Count I or Count III.[1]

Accordingly the Complaint is dismissed for lack of subject matter jurisdiction, subject to Al-Masri's right to file a proper amended complaint to cure the jurisdictional defects on or before April 30, 1986 (see 28 U.S.C. § 1653). By definition this dismissal is also without prejudice to Al-Masri's possible filing of this action in a state court of competent jurisdiction.

---

**1.** Count III is puzzling because it is labeled a pendent claim. If diversity does exist as Al-Masri asserts, the claim would be within this Court's original (not pendent) jurisdiction.