DON M. PRATT, Plaintiff-Appellant, v. CATERPILLAR TRACTOR COM-
PANY, Defendant-Appellee.

Third District   No. 3—85—0764

Opinion filed November 10, 1986.—Rehearing denied December 18, 1986.

Phillip H. Palmer, of Richard D. Price, Jr. & Associates, Ltd., of Peoria, for appellant.

J. Stephen Poor, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Gerald D. Skoning and Ted Johnson, of counsel), for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Don M. Pratt, appeals from an order entered by the circuit court of Peoria County dismissing his complaint against the defendant, Caterpillar Tractor Company, wherein he alleged that Caterpillar Tractor Company wrongfully discharged him and that his discharge constituted the tort of intentional infliction of emotional distress.

Pratt was employed by a subsidiary of Caterpillar Tractor Company, Caterpillar Overseas, S.A., in Geneva, Switzerland. Pratt's position with Caterpillar Overseas, S.A., involved him in the sale and distribution of Caterpillar products to the Soviet Union, Eastern-bloc and Middle Eastern countries. During his employment, Pratt alleged he was asked by his superiors to engage in conduct in violation of the Foreign Corrupt Practices Act of 1977 (15 U.S.C. sec. 78dd—1 *et seq.* (1982)) and the Export Administration Act of 1969 (50 U.S.C. app. sec. 2401 *et seq.* (1982)). Pratt further alleged that he refused to sign statements denying any knowledge that any other person or officer of Caterpillar Tractor Company engaged in activities or was required to engage in activities which violated these Federal statutes and, as a consequence of his refusal to sign these statements, he was returned to the United States in 1983 and subsequently discharged on March 10, 1983.

On March 8, 1985, Pratt filed a complaint against Caterpillar Tractor Company alleging in two counts a cause of action for retaliatory discharge and intentional infliction of emotional distress. Caterpillar Tractor Company moved to dismiss Pratt's complaint contending the complaint failed to state a cause of action for retaliatory discharge and failed to state a cause of action for intentional infliction of emotional distress. On November 27, 1985, the circuit court dismissed Pratt's complaint concluding, *inter alia,* that no State policy was alleged to support the claim of retaliatory discharge.

The primary issue presented to this court for review is whether the Foreign Corrupt Practices Act and the Export Administration Act enacted by Congress establish a public policy of the State of Illinois sufficient to create a basis for our State's tort of retaliatory discharge.

■ It is settled law in Illinois that an employee at will may be terminated by his employer at any time for any reason or none at all. (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 440 N.E.2d 998; *Cuerton v. Abbott Laboratories, Inc.* (1982), 111 Ill. App. 3d 261, 443 N.E.2d 1069; *Criscione v. Sears, Roebuck & Co.* (1978), 66 Ill. App. 3d 664, 384 N.E.2d 91.) A narrow exception to the "employment at will" doctrine has been established in those cases wherein an employee can demonstrate that he was terminated in retaliation for his actions, if his termination contravenes the public policy of this State. This common law tort of retaliatory discharge was first recognized in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. In *Kelsay,* our supreme court held that the discharge of an employee for filing a workers' compensation claim was tortious

and that an employee so harmed could bring suit for retaliatory discharge in an exception to the "employment at will" doctrine. Our courts have declined to recognize this cause of action, however, in cases involving internal employer/employee disputes which do not constitute violations of the State's criminal law and employer/employee disputes covered by a bargaining-unit contract. *Rozier v. St. Mary's Hospital* (1980), 88 Ill. App. 3d 994, 411 N.E.2d 50; *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95.

In *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876, our supreme court held that a cause of action for retaliatory discharge will be recognized when an employer discharges an at-will employee in retaliation for some action taken by the employee, for reasons that contravene "clearly mandated public policy." In attempting to determine what constitutes "clearly mandated public policy," the court stated:

> "There is no precise definition of the term. In general, it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions." 85 Ill. 2d 124, 130, 421 N.E.2d 876, 878.

In the recent case of *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 484 N.E.2d 372, the supreme court held that the Energy Reorganization Act of 1974 (42 U.S.C. sec. 5851 (1982)) did not preempt a retaliatory discharge suit alleging improper dismissal because the employee refused to engage in activities involving the mishandling of radioactive materials. In *Wheeler* the court ruled that the hazards of radioactive material fall within the bounds of State public policy because of its impact on the health and safety of Illinois citizens in general. In *Price v. Carmack Datsun, Inc.* (1984), 124 Ill. App. 3d 979, 464 N.E.2d 1245, *aff'd* (1985), 109 Ill. 2d 65, 485 N.E.2d 359, the court affirmed the dismissal of a retaliatory discharge cause of action based on the State Insurance Code and in part on a policy created by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. sec. 140 (1982)). The Fourth District Appellate Court in *Price* stated that Congress' enactment of ERISA "does not evince a 'clearly mandated public policy' of this state for the purposes of extending the state common law tort of retaliatory discharge." *Price v. Carmack Datsun, Inc.* (1984), 124 Ill. App. 3d 979, 982, 464 N.E.2d 1245, 1247.

■ In the instant case, Pratt based his claim of retaliatory discharge upon his refusal to engage in conduct allegedly violative of two Federal statutes. Both the Foreign Corrupt Practices Act and the Ex-

port Administration Act reflect Congress' attempt to regulate the conduct of international corporations doing business with foreign countries. These statutes do not fall within the parameters of the *Wheeler* holding in that they cannot be said to enunciate a clearly mandated public policy of this State. Pratt's actions reflect a private concern between himself and his former employer and cannot be held to impact on the general welfare of Illinois citizens as a whole, as in the handling of radioactive materials within our State. The common theme of our courts' decisions sustaining a plaintiff's cause of action for retaliatory discharge is there must be a State public policy at issue. We find no such public policy involved in the instant case and conclude that exclusively Federal concerns cannot support a State common law remedy as alleged in this case.

In count II of his complaint, Pratt contends that his discharge stated a cause of action under the tort of intentional infliction of emotional distress. In pleading this cause of action, the following allegations are required:

> "(1) extreme and outrageous conduct, (2) intent by the defendant to cause, or a reckless disregard of the probability of causing emotional distress, (3) severe or extreme emotional distress suffered by the plaintiff, and (4) an actual and proximate causation of emotional distress by the defendant's outrageous conduct." *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 113, 371 N.E.2d 373, 375.

See also *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765. The "extreme and outrageous conduct" apparently engaged in by Pratt's employer was his discharge allegedly in violation of State public policy. Pratt contends this wrongful conduct, intentionally undertaken by Caterpillar Tractor Company, forms a basis for his cause of action for intentional infliction of emotional distress.

■ Given our affirmance of the circuit court's dismissal of Pratt's retaliatory discharge action, count II of his complaint must rely on the contention that the termination of an employee at will causes severe emotional distress actionable under the tort of intentional infliction of emotional distress. Settled Illinois law holds that the discharge of an employee at will is within an employer's right and does not constitute the extreme and outrageous conduct which is required to maintain a cause of action for intentional infliction of emotional distress. *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876; *Heying v. Simonaitis* (1984), 126 Ill. App. 3d 157, 466 N.E.2d 1137; *Witkowski v. St. Anne's Hospital* (1983), 113 Ill. App. 3d 745, 447 N.E.2d 1016.

592

Based on the foregoing, we affirm the order entered by the circuit court of Peoria County dismissing counts I and II of plaintiff's complaint.

Affirmed.

STOUDER and HEIPLE, JJ., concur.