**Shahid H. NAQVI, Plaintiff,**

v.

**OUDENSHA AMERICA, INC., et al., Defendants.**

**No. 88 C 6966.**

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1988.

Ernest T. Rossiello, Ernest T. Rossiello & Associates, P.C., Chicago, Ill., for plaintiff.

---

**672**

Gerald L. Maatman Jr., Akira Ito, Oran F. Whiting, Kathleen M. Dedmon, Baker & McKenzie, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

### KOCORAS, District Judge:

This case comes before the court on defendant Oudensha America, Inc.'s motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6). For the following reasons, defendant's motion is granted.

## DISCUSSION

Plaintiff Shahid Naqui worked as a bookkeeper and accountant for defendant in its Cook County Illinois office. Plaintiff had no contract of employment and thus was an employee at will. Defendant fired Naqvi on July 5, 1988, and Naqvi filed a complaint against defendant. The plaintiff's complaint alleged that defendant terminated Naqvi's employment in retaliation for his refusal to engage in illegal activities and wrongful acts which would have been violations of the Internal Revenue Code of the United States ("IRC"). Defendant submits that the IRC does not establish a public policy of the State of Illinois sufficient to create a basis for the common law tort of retaliatory discharge.

In Illinois, an employee at will may be terminated by his employer at any time for any reason. *Martin v. Federal Life Ins. Co.*, 109 Ill.App.3d 596, 65 Ill.Dec. 143, 440 N.E.2d 998 (1982). A narrow exception to the employment at will doctrine exists if an employee can demonstrate that he was terminated in retaliation for his actions and that the termination contravenes the public policy of the State of Illinois. This exception arose due to the recognition that an employer and employee do not always stand on equal footing. The exception helps to maintain a proper balance among the employer's interest in operating a business efficiently, the employee's interest in earning a livelihood, and society's interest in seeing its public policies carried out.

No precedent exists on the precise issue of whether the IRC establishes a public policy in Illinois sufficient to create a basis

for retaliatory discharge. However, the Illinois Supreme Court, in attempting to determine what constitutes clearly mandated public policy, stated:

> There is no precise definition of the term. In general, it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions ... A matter must strike at the heart of a citizen's social rights, duties and responsibilities before the tort will be allowed.

*Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 130, 52 Ill.Dec. 13, 15–16, 421 N.E.2d 876, 878–879 (1981). Additionally, several cases exist which have ruled on whether a federal statute provides a sufficient basis to state a cause of action for retaliatory discharge.

In *Rachford v. Evergreen Intern. Airlines, Inc.*, 596 F.Supp. 384 (N.D.Ill.1984), the plaintiff noticed irregularities in Evergreen's aricraft maintenance procedures which violated the Federal Aviation Administration's ("FAA") regulations. The plaintiff brought these violations to the attention of a supervisor and several other employees. Subsequently the plaintiff was discharged. In ruling on whether a violation of the FAA provided a sufficient basis for plaintiff's claim of retaliatory discharge, the court stated:

> Here, plaintiff does not rely on State of Illinois law, but on federal law in support of his claim; and thus, this court concludes that he has no viable state claim for wrongful discharge. [citations omitted]. While it is undoubtedly true, as plaintiff claims, that Illinois has a general policy in favor of aviation safety, the state has no interest in enforcing federal law, even if that federal law is incorporated, as plaintiff suggests, in the state's general public policy.

*Id.* at 386.

Nevertheless, in *Wheeler v. Caterpillar Tractor Co.*, 108 Ill.2d 502, 92 Ill.Dec. 561, 485 N.E.2d 372 (1985), the Supreme Court upheld a retaliatory discharge complaint

where the employee refused to engage in activities which would have been illegal and wrongful under the Energy Reorganization Act, 42 U.S.C. § 5851. The Supreme Court held that the public policy of protecting the lives and property of citizens from the hazards of radioactive material was as important as the protection of citizens from crimes of violence, which the Illinois Supreme Court held to be clearly mandated Illinois policy. *Id.* at 511, 92 Ill.Dec. 561, 485 N.E.2d 372 *citing Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981).

Finally, the court in *Pratt v. Caterpillar Tractor Company,* 149 Ill.App.3d 588, 102 Ill.Dec. 900, 500 N.E.2d 1001 (3rd Dist. 1986), addressed the issue of whether the Foreign Corrupt Practices Act and the Export Administration Act enacted by Congress establish a public policy of Illinois sufficient to state a basis for the tort. Pratt allegedly refused to sign statements denying knowledge of persons or officers of Caterpillar Tractor Company engaged in activities which violated these federal statutes. As a result, Pratt was fired, and he later filed a claim for retaliatory discharge. In affirming the appellate court's dismissal of the plaintiff's complaint, the Supreme Court held that this situation does not fall within the parameters of the *Wheeler* holding in that "Pratt's actions ... cannot be held to impact on the general welfare of Illinois citizens as a whole as in the handling of radioactive materials within out State." *Id.* 102 Ill.Dec. at 902, 500 N.E.2d at 1003.

In the case at bar, the plaintiff would like this court to find that the IRC establishes clearly mandated public policy in Illinois. We decline to do so for several reasons. First, although citizens have a duty to pay federal income taxes, the failure to pay these taxes does not have a direct and substantial effect on Illinois citizens. Moreover, Illinois citizens do not require protection from federal income tax evaders in order to remain safe and healthy, whereas they do need protection from those who mishandle radioactive materials. Finally, Illinois has little interest

in enforcing the Internal Revenue Code, especially through its citizen's tort claims. Thus, we find that the IRC does not establish public policy in Illinois sufficient to create a basis for retaliatory discharge. Accordingly, plaintiff's complaint is dismissed with prejudice.