Garst V. TRITLE, Plaintiff,

v.

CROWN AIRWAYS, INC., et al., Defendants.

Civ. A. No. A:88–0878.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Aug. 16, 1989.

William G. Mercer, Parkersburg, W.Va., Guy R. Bucci, Charleston, W.Va., for plaintiff.

Robert M. Steptoe, Jr., Robert J. Schiavoni, Steptoe & Johnson, Clarksburg, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is Defendants' motion for summary judgment. The parties have submitted memoranda in support of their respective positions, and the matter is mature for the Court's consideration.

This is a wrongful discharge action resulting from personnel action taken against Plaintiff for reporting to management what he perceived as safety violations committed by the chief pilot. The alleged violations occurred prior to and during a commercial flight from Youngstown, Ohio, to Pittsburgh, Pennsylvania.

The action was removed to this Court from the Circuit Court of Wood County, West Virginia, on a diversity of citizenship basis. In the summary judgment motion Defendant raises two issues, both of which are potentially dispositive to this action. They are: (1) whether Plaintiff's retaliatory discharge claim is preempted by the Federal Aviation Act; and (2) whether the Plaintiff has stated a valid cause of action for retaliatory discharge under West Virginia law. The Court, in its discretion, chooses to address the merits of Plaintiff's state wrongful discharge claim. *Washington v. Union Carbide Corp.*, 870 F.2d 957 (4th Cir.1989).

It should be noted that there is not an express right of action for retaliatory discharge under the Federal Aviation Act. Neither is there an implied right of action. *Pavolini v. Bard Air Corp.*, 645 F.2d 144 (2d Cir.1981). Plaintiff must, therefore, resort to the common law wrongful discharge action developed in *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978) and its progeny. To establish a cause of action under *Harless*, the Plaintiff must establish that his discharge contravenes a "substantial public policy."

Other federal courts confronted with the issue of whether a state's public policy supports a wrongful discharge claim for employees who report airline safety concerns have concluded that no cause of action exists. In *Rachford v. Evergreen International Airlines, Inc.*, 596 F.Supp. 384, 385–386 (N.D.Ill.1984) the court stated, in granting the airline's motion to dismiss, that although "Illinois has a general policy in favor of aviation safety, the state has no interest in enforcing federal law, even if that federal law is incorporated ... in the state's general public policy." Similarly, in

**586**

*Buethe v. Britt Airlines, Inc.*, 787 F.2d 1194, 1197 (7th Cir.1986), the court, in construing Indiana law, found that there was no express right created on the part of the co-pilots or other crew members to refuse to fly an aircraft that they believed not to be airworthy. In doing so, the court stated that it "would be reluctant to imply such a right, when we consider the possible effects not only upon discipline but on safety of giving crew members a veto power over the decisions of the captain." *Id.* at 1197.

Considering the permissive authority cited by the Defendant, along with the Fourth Circuit's recent decision in *Washington v. Union Carbide, supra,* where the court instructed that "the power to declare an employer's conduct is contrary to public policy is to be exercised with restraint ... and with due deference to the West Virginia legislature as the primary organ of public policy of the state" *Id.* at 962–963 (citations omitted), the Court concludes that there is no right of action premised in West Virginia public policy protecting the Plaintiff from discharge for notifying management of airline safety complaints. The Court further rejects Plaintiff's argument that the adverse employment action of the Defendants constitutes a breach of employment contract. *Cook v. Heck's, Inc.*, 342 S.E.2d 453 (W.Va.1986).

Defendants' motion for summary judgment is granted.